## John B. Harrison et al. v. Henry Metz.

*Prospective legislation.* Under the provision of the statute—*Laws 1867, p. 39*—providing "that every action upon a judgment, etc., shall be brought within ten years next after the judgment was entered, and not afterwards, and that any action upon such judgment, not commenced within said time, shall be forever thereafter barred;" *held,* that its operation was prospective, only, and not applicable to past judgments.

*Heard and decided October 17th.*

Case made after judgment from Wayne Circuit.

This was an action of debt brought by the plaintiffs against the defendant upon a judgment.

The declaration consisted of six counts upon the judgment on which suit was brought. The plea was the general issue, with a notice thereunto annexed, that the causes of action alleged in the plaintiff's declaration, and neither of them, accrued to the plaintiffs within ten years next before the commencement of this suit. The cause was tried by the court without a jury.

On the trial of said cause, it was admitted by the counsel for the plaintiffs and for the defendant respectively, that the judgment upon which this suit was brought was rendered on the 17th day of September, A. D. 1857, in the Circuit Court for the County of Wayne, in favor of said plaintiffs and against said defendant, and that nothing had ever been paid on said judgment; and that the same was not satisfied, reversed, or otherwise vacated; that this action was commenced on the 12th day of November, A. D. 1867; and that the date of the final adjournment of the Legislature for the State of Michigan, in the year 1867, was March 28, 1867.

The statute relied upon by defendant is as follows:

"Every action upon a judgment or decree rendered in a court of record of the United States, or of this or any other State, shall be brought within ten years next after. the judgment or decree was

entered, and not afterwards; and any action upon such judgment or decree which shall not be commenced within the time above specified, shall be forever thereafter barred."

Judgment was rendered for the plaintiffs for the sum of $422\frac{68}{100}$ damages, and the costs of suit to be taxed.

*Wilkinson & Post,* for plaintiffs:

Courts will construe no law to have a retroactive effect unless the legislative intent, that it shall so operate, expressly and clearly appears upon the face of the statute itself, and if a construction of any statute which shall limit it to a prospective effect only, can be found, that is at the same time consistent with the express letter of such statute, such construction will universally be adopted. — *Sedgwick on Const. and Stat. Law, pp. 202, 406; Cooley on Const. Limitations, p. 370, and cases cited in note 1.*

The following amendment to a statute of limitations was passed February 27, 1867 — *Laws 1867, p. 39*: "Every action upon judgment or decree rendered in a court of record of the United States, or of this, or any other state, shall be brought within ten years next after the judgment or decree was entered, and not afterwards; and any action upon such judgment or decree which shall not be commenced within the time above specified, shall be forever thereafter barred."

We contend that its operation is prospective only.

Statutes of limitations in reference to the question of their retrospective operation, as found in the books, may be divided into four classes:

*a.* Those which expressly apply only to future causes of action, or expressly except existing causes of action.

*b.* Those which expressly apply to both existing and future causes of action alike.

*c.* Those which expressly provide a distinct and different limitation to apply to all existing or accrued causes of

action alike, fixing a limitation. of a fixed period, which commences to run from the taking effect of the Act.

*d.* Those which provide a general limitation of a fixed period, commencing to run from the accruing of the right of action, but do not specify in terms whether they apply to existing or only to future causes of action, or to both.

The first three classes rarely ever call for any judicial construction, except it be to determine whether the terms of a particular statute bring it within one of these classes, and if so, which one, and when this is once decided, then the question of its retrospective operation is governed by its express terms, and no room for construction, and consequently no discretion is left to the courts.

As to the fourth class, the legislature having failed to express clearly and definitely in the statute itself, whether it shall apply to future causes alone, or to past causes alone, or to both alike, the courts decide the question in favor of such a construction as shall give the statute a prospective cast only.

The first question, then, is which class does this statute belong to? Its terms are general, and broad enough to cover both existing and future causes of action, but not so specific and definite as to indicate a manifest and unmistakable legislative intent that it should operate retrospectively as well as prospectively, and to preclude, or be inconsistent with the intent that it should operate prospectively only. This amended section, standing alone, and unconnected with the following section, would clearly belong to the fourth class.

The decided weight of authority is that such statutes should be construed to have no retroactive force.—*21 Conn. 351; 18 Johns. 138; 16 Mass. 215; 11 Wis. 422; 12 La. An. 793; 15 Id. 649; 5 B. Mon. 564; 14 Gratt. 24; 11 Ill. 54; 14 Id. 495; 15 Id. 200; 1 Breese Ap. 30; 26 Miss. 304; 23 Id. 270; 24 Id. 377; 15 How. U. S. 421; 36 Barb. 447; 10 Ohio St. 588.*

If such a statute be given a retrospective construction, it must inevitably operate upon some causes of action to take away all remedy whatever, and for that reason, as to such cases, be unconstitutional and void. This of itself might be a very good reason for giving to such a statute such a construction only, as shall make it apply alike to all cases that come within its provisions, if such construction be not inconsistent with the express terms of the statute itself. A construction giving the statute a prospective effect only would accomplish this.

It has been almost the uniform practice with our legislature to save existing causes of action from our statutes of limitations. This, again, would lead to the inference that such was the legislative intent in this case. This inference is strengthened when we consider the amended section in its connection with the section next following it. If we are correct in our view that section 5385, in so far as it affects this amendment of section 5384, operates precisely as if the whole chapter as amended spoke anew from the date of the taking effect of this amendment, then this amendment, taken in connection with said following section, contains an express saving of all prior causes of action from the limitation fixed by this amendment. We think this a reasonable construction of the two sections combined. Any other construction robs section 5385 of any force whatever upon the limitations provided in this amendment, and yet section 5385 is general in its terms, and apparently intended to cover all the limitations contained in the chapter. This construction is not inconsistent with the express terms of the amendment.

But even if the court shall conclude that section 5385 has spent its force before this amendment was passed, and should so construe it, may not the presence of that section help to explain why the legislature, contrary to its almost universal custom heretofore, has made no express saving of prior causes of action in the body of the amendment itself,

by furnishing a reasonable inference of an intent to save such prior causes of action, according to their custom, and a supposition or belief on their part, albeit a false one, as it may now appear to the court, that such was the effect of the section?

But, in 1863, the legislature passed a statute which in express terms did apply to prior causes of action. This again would indicate that if it had been their intent to make this amendment retroactive, they would have done so in express terms. — *Sess. L. 1863, p. 388, § 9.*

There is a class of decisions that is numerous and respectable, that hold that such statutes as this should operate upon prior causes of action to bar them at the expiration of the period of limitation, from and after the taking effect of the statute. Although these decisions are in our favor on the whole subject, we fail to see any good reason for such a construction. It seems to us that the evil which they seek to escape may be better avoided in another way, that has the merit of resting in sound reason. *32 Barb. 428; 8 Wend. 661; 10 Id. 365; 1 Eng. 513; 4 Id. 423; 1 Green, (Ia.) 338; 2 Id. 181, 243; 1 Carter, (Ind.) 56; 2 Id. 486, 647; 31 Mo. 393; 35 Ala. 560; 2 Sandf. Ch. 569.*

It is possible that a distinction may be drawn between a case where a statute of limitations before existed and a case where none existed, which will tend to reconcile some of the cases. — *12 Wis. 371; 2 Minn. 241.*

If the court shall construe this statute, after all, to be retrospective, so as to apply to this case, it may be worthy of consideration whether the plaintiffs had a reasonable time within which to bring this suit after the statute went into effect, and before the limitation expired.

*E. Y. Swift*, for defendant.

COOLEY CH. J.

We have no doubt that the legislature intended the act in question — *Sess. L. 1867, p. 39* — to affect only the causes of action which should accrue subsequent to its taking effect as law. There is nothing in the act itself from which we can gather any different intent, and it is a sound rule of construction that legislation is to have a prospective operation only, except where the contrary intent is expressly declared or is necessarily to be implied from the terms employed.

The other Justices concurred.