# William H. Davison v. Amos Otis, Drain Commissioner of Wayne County.

*Certiorari: General allegation of informalities: Notice.* Under a general allegation of informalities, in an affidavit for a writ of *certiorari*, which, in addition to such general allegation, contains special objections to the proceedings, it cannot be urged as ground of error, in the absence of a special objection on this subject, that it does not appear from the return, except inferentially, that proper notices had been posted, when the petition states that due notice was given.

No informalities which could be cured by any return or explanation can be relied upon without a special assignment.

*Delay: When not fatal to proceedings to establish a drain.* Where the petition for *certiorari* sets up that the application to the commissioner for a drain was made in August, 1869, and the return to the writ does not show whether the application was made in August, 1869, or August, 1870, and no further return was required, and no action was had under the application until May, 1871, and it appears that the present commissioner came into office May 1, 1871, in the absence of any showing that there had been unreasonable delay in his predecessor, such delay, on his part, under the statute in question (*Sess. L. 1869, pp. 71, 72*), which does not fix any specified time within which the commissioner shall proceed, was not fatal to the proceedings.

*Plaintiff in certiorari cannot take advantage of errors that cannot injure him.* Relief will not be granted to a plaintiff in *certiorari* unless it appears to the court that the proceedings *may*, at least, affect him injuriously.

The objection, to the proceedings to establish a drain, that the drain described in the proceedings extends beyond the line of the lands described in the original application, will not avail a plaintiff in *certiorari* whose lands are not beyond such line, where the commissioners to assess damages have found that no damage results to any of the lands by reason of the construction of the drain, and the whole of the drain beyond the line originally projected has been built and paid for, by the owners of the land it crossed. The plaintiff stands where he would have been without the extension, and has no cause of complaint.

*The town and the county systems of drainage independent: The act providing for the former does not repeal that regulating the latter.* The town system and the county system of drainage are independent systems, and a change in the regulation of one does not necessarily interfere with the other.

DAVISON *v.* OTIS.

*Act No. 98, of 1871 (1 Sess. L., 1871, p. 146),* providing for township drain commissioners, and for the repeal of laws inconsistent with it, does not repeal *Act No. 43, of 1869 (1 Sess. L., 1869, p. 70),* regulating the county system of drainage, which is continued in force and amended by *Act No. 169, of 1871 (1 Sess. L., 1871, p. 257.)*

*Heard October 25. Decided October 31.*

*Certiorari* to drain commissioner of Wayne county. The nature of the case is fully stated in the opinion.

*H. M. & W. E. Cheever,* for plaintiff.

*D. C. Holbrook,* for respondent.

CAMPBELL, CH. J.

The, plaintiff complains of certain proceedings to lay out a drain across his lands, and in his affidavit, in addition to special objections, relies on a general allegation of informalities. On the argument it was urged under this that it did not appear from the return, except inferentially, that proper notices had been posted. The petition stated that due notice was given.

If there are any informalities which can be relied on without a special assignment,—a matter we should not decide without clear occasion,—they must be at all events such as could not be cured by any return or explanation. By the allegation in the petition, the plaintiff indicated that no special return was needed on the subject of notice. And such a return as was made was sufficient to show jurisdiction to proceed—so far as a valid notice could give it.

It was also set up in the petition for *certiorari* that the application to the drain commissioner was made in August, 1869, while no action was had under it until May, 1871; and this delay it was urged took away the right to proceed in the matter. But the return does not show whether the application was made in August 1869, or August 1870, and no further return was required.

DAVISON v. OTIS.

The statute does not fix any specified time within which the commissioner shall proceed. It requires him, upon receiving an application from ten land-owners, to examine personally the lands designated for drainage, and, if he determines that the drainage is necessary, he is then to "try to obtain a release of the right of way, and other damages, from every person through whose land such drain or drains are to pass." "If such release cannot be obtained in a reasonable time," he is to proceed under the statute to obtain a jury or commissioners.—*Sess. L. 1869, pp. 71, 72.*

In the present case the commissioner in office when the application was made has gone out of office, and we are not informed when, but presumably on May first, when the legal time of office begins. There was clearly no lack of diligence in the present incumbent, and there is nothing to show that there had been unreasonable delay in his predecessor.

The chief ground of objection to the proceedings is that the drain described in the proceedings extends beyond the line of the lands described in the original application. This extension might or might not affect the plaintiff injuriously. A plaintiff in *certiorari* cannot ask the court to relieve him unless it appears that the proceedings *may*, at least, damage him. In the present case the commissioners find that no damage results to any of the lands by reason of the construction of the drain. The only other damage possible must arise from the liability to have the proportionate tax enlarged in some way by the extension, beyond what it would have been had the drain been confined to the shorter line. But here the whole of the ditch, beyond the line originally projected, was built and paid for by the owners of the land it crossed. The plaintiff, therefore, stands where he would have been without the extension, and has no cause of complaint.

It has been suggested since the argument that the law under which these proceedings were had has been repealed, and was not in force when the commissioner began to act in May, 1871. The statute supposed to have this effect is *Act No. 98, of 1871*, providing for township drain commissioners, and for the repeal of laws inconsistent. But the statutes previously provided for a town system and a county system. The town system was regulated by *Act No. 39, of the laws of 1869*, to which reference is made in section 21 of the statute No. 98, of 1871. The county system was regulated by *Act No. 43, of the laws of 1869*, which is continued in force, and is amended by *Act No. 169, of 1871*. The systems are independent, and a change in the regulation of one does not interfere necessarily with the other. The law changing the township system has no relation to the county system whatever, and does not repeal it.

The proceedings must be affirmed with costs.

The other Justices concurred.