## NELSON DANIELLS v. TOWNSHIP OF WATERTOWN.

*Taxes—Assessment roll—Supervisor's certificate—Omission of clause, "and not at the price it would sell for at forced or auction sale"—A fatal defect, invalidating levy and sale by town treasurer—Which cannot be legalized by subsequent curative legislation—Vested rights having attached.*

1. The omission from a supervisor's certificate of assessment of the clause, "and not at the price it would sell for at forced or auction sale," invalidates the proceedings taken by the town treasurer under his warrant for the forced collection of the taxes levied.

2. Where under such a defective roll the treasurer sold personal property to satisfy a tax assessed thereon, and *after* such sale, and the commencement of a suit by the owner of the property against the township to recover the money realized on such sale, the Legislature passed an act legalizing said assessment roll, and the acts of the town treasurer thereunder,—

   *Held*, that the rights of the parties had become vested *prior* to such curative legislation, and were not affected thereby.

Error to Clinton. (Smith, J.) Argued May 7, 1886. Decided June 10, 1886.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*H. J. Patterson*, for appellant:

Informal or irregular assessments may be confirmed by the Legislature, but not so as to give force to illegal seizures or sales of property already made: 2 Desty on Taxation, 619; *Clementi v. Jackson*, 92 N. Y. 591; *Forster v. Forster*, 129 Mass. 566; *Mattingly v. D. C.*, 97 U. S. 687; *Grim v. Weissenberg S. Dist.*, 57 Penn. St. 433; *Hart v. Henderson*, 17 Mich. 218.

The same principle is strongly contended for in the following cases: *National Bank v. Iola*, 9 Kan. 696; *People v. Supervisors of Ingham Co.*, 20 Mich. 95; *People v. Supervisors of Saginaw County*, 26 Id. 22; *Kimball v. Rosendale*, 42 Wis. 407.

*Cook & Daboll*, for defendant.

[Cite authorities referred to in opinion.—REPORTER.]

SHERWOOD, J. This suit was commenced by filing declaration against the township on the fourteenth day of January, 1885, in the circuit court for Clinton county, to recover of the township $262.74, money received by its treasurer on an illegal sale of the plaintiff's property for the taxes assessed against him in the year 1879; the illegality being the omission in the certificate of the supervisor, attached to the roll, of the following words: "And not at the price it would sell for at forced or auction sale,"—these words constituting a part of the statutory form.

The plaintiff claims that, for the illegality mentioned, the warrant of the supervisor gave the collector no authority whatever to seize and sell his property to satisfy the tax therein listed against him, and when he did so the right of the plaintiff to sue for the same at once accrued, and he was permitted to bring his suit to recover his money back from the township.

The claimed illegality in the assessment roll soon became known, and after the collector had seized and sold the plaintiff's property, and more than a month had elapsed after this

suit was brought, the Legislature, with a view of remedying
the defect in the assessment roll, and the tax-roll to which the
warrant attached, passed an act reading as follows (Local
Acts, 1885, No. 247):

" That the assessment roll for the township of Watertown,
county of Clinton, and the taxes levied thereunder for the
year eighteen hundred and seventy-nine, be and the same are
hereby legalized; and the taxes assessed upon such roll for
the year eighteen hundred and seventy-nine, and the col-
lection thereof by the treasurer of said township of Water-
town, and all proceedings had and taken by said township
treasurer in the collection thereof, be and the same are here-
by legalized; and that the said assessment roll, and the acts
of the township treasurer thereunder and by virtue thereof,
are hereby declared to be as valid as though the proceedings
heretofore had were as regular in every particular as if the
certificate of the supervisor to said assessment roll had con-
tained the words, ' and not at the price it would sell for at a
forced or auction sale:' *Provided*, That this act shall not be
construed to legalize any tax titles."

It seems to be substantially conceded that the defect men-
tioned in the certificate is a fatal one, unless it is cured by
the act of the Legislature above referred to.    The circuit
judge evidently took the view that *it was*, and rendered judg-
ment for the defendant.    This ruling and judgment presents
the only question for our consideration.

Under the rulings of this Court, the defect mentioned in
the supervisor's certificate would render the proceedings taken
by the collector under his warrant void, and, unless the act
of 1885 cures the infirmity, the plaintiff was entitled to re-
cover: *Clark v. Crane*, 5 Mich. 151; *Silsbee v. Stockle*, 44
Id. 561; *Hogelskamp v. Weeks*, 37 Id. 426; *Sinclair v.
Learned*, 51 Id. 335; *Daniels v. Watertown*, 55 Id. 376.

In this case it is not made to appear that the tax assessed
against the plaintiff's property for the year 1879 was excessive,
or that there was any defect, omission, or irregularity in the
assessment roll, tax roll, or warrant attached to the assessment
roll, except the omission of the clause in the certificate of the
supervisor above referred to.

This Court has already held, in this curative legislation to

support tax proceedings, that if the Legislature has antecedent power to authorize a tax, it can cure, by a retroactive law, an irregularity or want of authority in levying it, intrusted to the officer who performs that duty; and that whatever the Legislature can dispense with in advance, it can dispense with retroactively, by enacting that its omission shall not invalidate or prejudice: *People v. Ingham Co. Sup'rs*, 20 Mich. 95; *Hart v. Henderson*, 17 Id. 218; *Albany & Boston Min. Co. v. Auditor General*, 37 Id. 391; *Sinclair v. Learned*, 51 Id. 335.

It is claimed by counsel for the defendant that the decision of the circuit judge is supported by the cases of *Sinclair v. Learned*, and *People v. Ingham Co. Sup'rs;* also by the late case of *Anderson v. Santa Anna*, 33 Alb. Law J. 267.

We do not think those cases support the doctrine contended for, when applied to the facts in this case. In the first case no vested rights were interfered with. In the second case the act of 1869, which was claimed to cure the defect complained of, was passed before the ejectment was brought. The last case only applies the doctrine held by this Court, that, unless prohibited by the constitution, the Legislature has the power, when its action will interfere with no vested rights, to enact curative statutes retroactive in their effect, for the purpose of validating proceedings taken in this class of cases, which would be otherwise irregular, when it has antecedent power to authorize the tax.

The difficulty in this case is, there has been a sale of property levied upon, and the rights of parties became vested before the curative legislation took effect, and such rights cannot be interfered with in this manner.

The judgment must therefore be reversed, with costs, and a new trial granted.

CAMPBELL, C. J., and MORSE, J., concurred. CHAMPLIN, J., did not sit.