JOHN V. PHILLIPS v. THE TOWNSHIP OF NEW BUFFALO.

*Statutes—Construction—Prospective operation—Extension of time for collection of taxes.*

1. It is a sound rule of construction that legislation is to have a prospective operation only, except where the contrary intent is expressly declared, or is necessarily to be implied from the terms employed.
2. Act No. 8, Laws of 1885, extending the time for the collection of taxes, did not revive a tax warrant which had expired by its own limitation prior to said act taking effect.

Error to Berrien. (Smith, J.) Argued January 4, 1888. Decided January 19, 1888.

Assumpsit to recover tax paid under protest. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Van Riper & Worthington,* for appellant.
*Clapp & Bridgman,* for defendant.

LONG, J. This is an action of assumpsit, brought in the circuit court for the county of Berrien, to recover a tax paid

by plaintiff, under protest, to the treasurer of the township of New Buffalo.

It appeared upon the trial of the cause that one Irving Paddock, treasurer of said township, had in his hands the tax roll of said township for the year 1884, with proper warrant indorsed thereon, for the collection of the taxes thereon assessed. Appearing upon such roll was the following tax, assessed against the plaintiff: For State taxes, $1.54; for county taxes, $2.92; for township taxes, $1.99; for highway taxes, $1.54; for school taxes, $17.55; for judgment taxes, $22.23; for collection fees, $1.90; for making levy, $1.25,—total, $50.92.

No proceedings were taken to collect such tax till the twenty-first day of February, 1885, at which time, the plaintiff refusing to pay the same, the treasurer of the township levied upon personal property of the plaintiff, who, for the purpose of relieving his property from such levy, paid the amount demanded under protest, one portion of which protest is as follows:

"That the extension of time for the collection of taxes, from and after the first day of February, 1885, was not granted by any legal action of the township board thereon, and no evidence of such extension appears on the warrant to said roll, and it does not appear from the records of the township that any extension was ever applied for by the treasurer for the collection of any part of the taxes of the said township."

It was conceded, on the trial of the cause, by defendant, that no valid extension of time for collection of taxes in said township was granted by the township board, and that the time limited in the warrant for such collection was February 1, 1885; but defendant claimed that the time was extended, and the warrant annexed to said roll was revived and given force, by Act No. 8, Laws of 1885. The court held that said act did not operate to extend the time for the collection of the tax, and directed a verdict for the plaintiff

for the tax so paid, and defendant brings error. This presents the only question in the case.

At the time the plaintiff paid the tax, February 21, 1885, the warrant attached to the roll in the hands of the treasurer had expired, and Act No. 8, Laws of 1885, which came in force February 26, 1885, did not revive it, or give it any force whatever. The purpose of the Legislature was simply to extend the time of the warrants which were then in force, in all except certain specified counties in the State, and the time for the collection of taxes thereon, to March 25, 1885. Nothing in the title, nor in the act itself, indicates anything more. It reads—

"That the time limited for the collection of taxes * * * be and the same is hereby extended until the twenty-fifth day of March, 1885."

It is a sound rule of construction that legislation is to have a prospective operation only, except where the contrary intent is expressly declared, or is necessarily to be implied from the terms employed. *Harrison v. Metz*, 17 Mich. 377; *Smith v. Auditor General*, 20 Id. 405; *Auditor General v. Monroe*, 36 Id. 75; *Finn v. Haynes*, 37 Id. 65; Cooley, Const. Lim. 370; *Daniells v. Watertown Tp.*, 61 Mich. 514 (28 N. W. Rep. 673).

In the present case, the time limited in the warrant for the collection of the tax had expired at the time the treasurer seized the plaintiff's property. The plaintiff paid the tax under protest, and his right to recover the amount paid at once vested. This act, passed five days after this, could not divest him of this right.

The court properly directed a verdict for plaintiff. The judgment of the court below is therefore affirmed, with costs.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.