THE MINOR LUMBER COMPANY v. THE CITY OF ALPENA.

*Taxes—Payment under protest—Action to recover.*

1. It was held in *Turnbull- v. Township of Alpena,* 74 Mich. 621, that certain facts must appear to enable a party to recover taxes paid under protest, the most important being that the taxes are void.

2. It is error to direct a verdict in favor of the plaintiff, in a suit to recover taxes paid under protest, upon the *sole* ground that the warrant for their collection had expired when a levy was threatened thereunder and the taxes paid.

3. This case is ruled by *Lumber Co. v. Villaye of Oscoda,* 97 Mich. 221, which in effect overrules *Phillips v. Township of New Buffalo,* 68 Mich. 217, upon the point here presented.

4. A payment of taxes under protest cannot be said to be involuntary where the tax-payer knows that the tax collector cannot and does not intend to sell the property upon which he has levied to satisfy the tax, nor can the moneys thus paid be recovered back, even though the taxes are void; citing Cooley, Tax'n (2d ed.), 814.[1]

---

[1] For cases involving the questions of the payment of taxes under protest, whether voluntary or not, and their recovery, see *Bank v. Watkins,* 21 Mich. 483; *Nickodemus v. City of East Saginaw,* 25 Id. 456; *Atwell v. Zeluff,* 26 Id. 118; *City of Detroit v. Martin,* 34 Id. 170; *Louden v. East Saginaw,* 41 Id. 18; *Camp v. Township of Algansee,* 50 Id. 4; *Wood v.. Township of Norwood,* 52 Id. 32; *Lyon v. Guthard,* Id. 271; *Daniels v. Township of Watertown,* 55 Id. 376; *Iron Co. v. Township of Thompson,* 56 Id. 493; *Iron Co. v. Township of Crystal Falls,* 60 Id. 79, 510; *White v. Township of Millbrook,* Id. 532; *Babcock v. Tp. of Beaver Creek,* 64 Id. 601; *Baker v. Big Rapids,* 65 Id. 76; *Babcock v. Township of Beaver Creek,* Id. 479; *Land & Iron Co. v. Township of Republic,* Id. 628; *Cox v. Welcher,* 68 Id. 263; *Mills v. Township of Richland,* 72 Id. 100;

Error to Alpena.    (Kelley, J.)    Argued November 1,
1893.  Decided November 10, 1893.

*Assumpsit.*    Defendant brings error.    Reversed.    The
facts are stated in the opinion.

J. D. *Turnbull* and *George B. Greening,* for appellant.
W. E. *Depew* and *McDonell & Hall,* for plaintiff.

LONG, J.   Plaintiff brought an action on the common
counts to recover back certain taxes paid under protest.
The claim was for the recovery of State, county, and city
taxes.    The court below directed a verdict for plaintiff for
the city taxes, and refused to permit a recovery for the
State and county taxes paid.    Defendant appeals.

⸱The only ground upon which the court below directed a
verdict for the repayment of the city taxes was that the
warrant for their collection in the hands of the city treas-
urer had expired at the time he threatened to make the
levy, and that, having at that time no right to seize the
property of the plaintiff under the warrant, the payment
under protest authorized the recovery.    The court below
did not place the right to recover upon the ground that
the tax or any part of it was void, but solely for the reason
that the warrant had expired, and had not been extended.
It was held in *Turnbull v. Township of Alpena,* 74 Mich.
621, 627, that certain facts must appear to enable a party
to recover taxes paid under protest, the most important of
which is that the tax is void.    Here there was no showing
that the city ought not in justice and equity to have the
taxes, but upon a technicality the plaintiff sues to recover
what it paid.    This is an action of *assumpsit,* and the right

---

*Turnbull v. Township of Alpena,* 74 Id. 621; *Crittenden v. City
of Mt. Clemens,* 86 Id. 220;  *Whitney v. City of Port Huron,* 88
Id. 268;  *McFarlan v. Township of Cedar Creek,* 93 Id. 558; and
see *McCarty v. Nelson,* 4 L. R. A. 300, for an exhaustive note
covering the entire subject.

to recover must be based upon the claim that the city has money in its custody which in equity and good conscience it ought to repay to the plaintiff. The case is ruled by *Gratwick, Smith & Fryer Lumber Co. v. Village of Oscoda*, ante, 221, which in effect overrules *Phillips v. Township of New Buffalo*, 68 Mich. 217, upon the point here presented. There was a claim made in the court below that certain of these city taxes were illegal, and for that reason the case should be remanded for a new trial.

Another claim is also made, which may become important on another trial. It appeared that the treasurer had in his hands two rolls; one for the State and county taxes, the other for the city taxes. It is conceded upon this record that the time for the collection of the State and county taxes had not expired under the warrant annexed to the roll, but had on the city roll. It is claimed that Maltz, the agent of plaintiff, knew this, and was aware that no levy could be made by the treasurer for the city taxes, and therefore his payment of the city taxes was voluntary, and, being voluntary, the plaintiff could under no circumstances recover back what it had paid. Mr. Maltz was a stockholder in the Minor Lumber Company, and its secretary and treasurer. It is claimed by Maltz that the treasurer made a statement in writing, and gave it to him, of certain lumber levied upon for the taxes of 1890; that this contained the State, county, and city taxes. He also testified that the treasurer threatened to sell this lumber for all these taxes unless they were paid at once. This is denied by the city treasurer. He testified that he only claimed the right to sell for the State and county taxes. This is a question of fact for the determination of the jury, and should be submitted to them upon another trial. If Mr. Maltz knew that the city treasurer could not sell the lumber for city taxes, and that he did not intend to sell for the city taxes, the payment was volun-

tary, and the company could not recover the moneys so paid, even though the taxes or some of them should be found to be void, as it would not be a payment under coercion.    Cooley, Tax'n (2d ed.), 814.    But, on the other hand, if the city treasurer threatened to sell the lumber for the payment of all these taxes, and such taxes were void, the plaintiff had the right to pay under protest, and then recover the money back for such taxes as were void.    Maltz, it is apparent, was authorized to act for the Minor Lumber Company, and that company would be bound by his acts.

Judgment reversed, and new trial ordered.

The other Justices concurred.