MERRITT G. MATRAU v. JOHN W. TOMPKINS.

*Drains—Payment of tax under protest—Action to recover amount —Failure to file record of drain.*

An action will not lie to recover drain taxes paid under protest on the ground of the failure to file in the office of the county clerk the record relating to the construction of the drain, as required by 3 How. Stat. §§ 1740a9, 1740b.

Error to Berrien. (O'Hara, J.) Submitted on briefs March 9, 1894. Decided March 27, 1894.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered for defendant. The facts are stated in the opinion.

*Edward Bacon,* for appellant.

*George S. Clapp* and *A. Plummer,* for plaintiff.

LONG, J. Plaintiff is the owner of 80 acres of land in the township of Pipestone, Berrien county. Prior to 1890, a county drain known as the Pipestone drain had been established and constructed at large expense, the amount of which had been ascertained, and plaintiff assessed for benefits to his lands the sum of $252, which was to be paid in two installments, to be assessed one-half in each year of 1890 and 1891. The plaintiff paid the installment of $126 in 1890. In 1891, by an error, his land was assessed only $13.50, which he paid. In 1892 the land was assessed for the balance of $112.50, and his share of certain litigation over the construction of the drain, amounting to $11.20. The tax roll was made in due form, showing these assessments for that year, and placed in the hands of the township treasurer. February 20,

1893, the plaintiff paid these taxes to the township treasurer under protest, and, on March 3 following, the money was paid over to the county treasurer. On March 6 plaintiff brought this suit to recover the tax so paid. On the trial in the circuit, the court directed a verdict in favor of the plaintiff for the amount of the tax on the ground that it was not properly on the roll, in consequence of the omission of the drain commissioner to file the record relating to the construction of the drain with the county clerk. The record was filed and made complete with the county clerk during the trial of this cause.

Section 1740*g*1, 3 How. Stat., provides:

"The collection of no tax levied or ordered to be levied for the payment of the location or construction of any drain laid out under this act shall be perpetually enjoined or declared absolutely void in consequence of any error or informality of any officer in the location and establishment thereof, nor by reason of any error or informality appearing in the record of the proceedings by which any such drain shall have been located and established; * * * but the court    *    *    *    shall, if there be manifest error in the proceedings, allow the plaintiff in action to show that he has been injured thereby," etc.

By section 1740*f*6, drain taxes are to be collected in the same manner as State and other general taxes. Section 1740*f* provides that a further assessment may be made for additional expense on the drain if the first assessment is insufficient, and no review or appeal is allowed upon this further assessment.

It appears that the first assessment was paid by the plaintiff without protest. The assessment of $13.50 was also paid, and no complaint made of any irregularity until payment was demanded for the amount reassessed in 1892. The amount of this drain tax seems to have been properly ordered to be assessed by the board of supervisors, and the amount assessed for drain taxes went into the roll for that

year. The objection made is purely technical, the amount chargeable to plaintiff's land being left off by an error in the year 1891, and ordered reassessed in 1892. By section 1740*f*6, all drain taxes assessed under the provisions of the act are to remain a perpetual lien upon the land assessed, and a personal claim against the owner of such land until paid.

In *Gratwick, etc., Lumber Co. v. Village of Oscoda*, 97 Mich. 221, 227, the following language from Cooley on Taxation was cited with approval:

"A suit will not lie to recover back taxes paid, when the only complaint .that can be made of them is that the proceedings, in their levy and collection, have been irregular. The fact of irregularity does not establish injustice; there must be something further in the case which either exempts the party from the tax altogether, or which, because of illegality or inequality, deprived the officers of jurisdiction."

In *Minor Lumber Co. v. City of Alpena*, 97 Mich. 499, it was said:

"This is an action of *assumpsit,* and the right to recover must be based upon the claim that the city has money in its custody which in equity and good conscience it ought to repay to the plaintiff."

We are unable to see any equities in favor of the plaintiff in the present action. He is claiming upon a pure technicality,—the omission to file the record in the office of the county clerk. He has paid for two years without setting this up. The record is now filed. The court should have directed the verdict in favor of the defendant.

Judgment will be reversed, and judgment entered here in favor of defendant, with costs of both courts.

The other Justices concurred.