Bissell, P. J.
The defendants in error sued out a writ of certiorari from the district court to obtain a review of a judgment in contempt entered by the police magistrate of Denver. Thereon such proceedings were had that the judgment of the police magistrate was declared null and void.. A writ of error was sued out from this court to review the judgment thus entered. The circumstances of the case are such that it makes the application somewhat unusual and extraordinary and appears to be only an attempt on the part of the then magistrate, or possibly the present authorities, to obtain a judicial determination of the powers of a police magistrate. The record does not necessitate a decision of the proposition presented and we shall wholly ignore it, determining the case on another point which is not discussed'by counsel, but which we deem conclusive and the only one which it is our duty to pass on.
We will state the case as it appears from the petition and the return which is all there is before us. They are matters of record and not the subject of testimony and clearly outline the situation. Matters must be taken up somewhat out of *343 their usual order to make an intelligible and chronological statement of the situation.
In 1897, a complaint was lodged with the police magistrate charging one Henry Miller with the violation of one of the ordinances of Denver regulating the sale of liquor, and was apparently a proceeding to enforce a penalty. The statement of the action against Miller set up a sale or giving away by him of liquors at 25 Golden avenue, without a license. While this proceeding was pending and after his arrest, at the request of the then city attorney a subpoena duces tecum was issued out of the court in the name of the judge and under seal, directed to Maggie Ramsden, the clerk of the town of Colfax. Thereby she was commanded to appear in the police magistrate’s office on the 10th of July to testify, and to bring with her all the original journal books, documents and papers relating to the proceedings of the board of trustees of the town of Colfax. A sort of an omnium gatherum, process to get into the custody of the court all the records and proceedings of the town of Colfax. The return states that the clerk Ramsden took all the documents and papers called for in the subpoena and started for the magistrate’s office. On her journey she was intercepted by the other two defendants in error, Corbin and Lunney, who represented the opposition in the annexation fight, and in some way they induced her to drop them or leave them on the road, and they thereupon spirited them away and they were not produced, though the witness came up. These facts were set out in the proceedings initiated to punish these parties for contempt and thereupon all three of them were by warrant and under proceedings which we shall assume to be legitimate brought before the magistrate for punishment. A hearing was had. The parties in no manner attacked the subpoena or resisted obedience to it, or called for its modification, but assuming its invalidity, failed to produce the documents. Hearing was thereupon had before the magistrate and he finding these various facts as appears from the recital in the entry adjudged Lunney and Corbin guilty of contempt, *344 fined them in the sum of $100, and directed in default of payment that they be imprisoned in the city jail in the city of Denver until the fine was fully satisfied, not to exceed days. This was signed by the magistrate. The return then proceeds to state, that the relators, Lunney and Corbin, then paid and discharged their fines and went hence without day. The principal basis of the argument of defendants in error is the alleged want of authority of police magistrates to 01 der an imprisonment for contempt for a period exceeding five days. They insist that since the judgment was for $100, and directed the relators to be imprisioned for days, until paid, the magistrate exceeded his authority. If this was true the judgment would be irregular and probably void, and the district court would not have erred in its finding that the magistrate had no such authority. As already intimated, this is a matter we find it wholly unnecessary to consider. However useful it might be to the present incumbent of the office to ascertain the extent and scope of his power, we do not believe we have the right to consider or determine it, save where the question is directly presented, and the parties have relied on the absence of authority and are seeking to protect themselves from the force and effect of the judgment.
Some days after this judgment was entered and after the fine was paid the relators sued out a writ of certiorari from the district court to review it. That court declared it null and void. This we deem erroneous and the entry one which that court ought not under the circumstances to have made. As we look at it this clearly results from the consideration of the nature, object and purpose of the writ of certiorari both under the code and the common law. It is quite true proceedings by way of certiorari are regulated by our code but in no general particular do the proceedings differ from those which prevailed before its enactment, nor are they governed by any other principles than those which formerly controlled its exercise. This is the result of the adjudications in the several courts. In re Rogers, 14 Colo. 18; Aldermen of Den *345 ver v. Darrow, 13 Colo. 460; Schwartz v. County Court, 14 Colo. 44; U. P. Ry. v. Bowler, 4 Colo. App. 25. The sole object of these proceedings is to review the judgment of the court below. The proceedings are not had on the merits of the controversy, nor does the court go further in reviewing contempt proceedings than to ascertain whether the court below had jurisdiction to proceed. We need not go further than make this simple suggestion because the general scope and object of the writ is not before us for consideration.
It is a fundamental principle of the law of certiorari that the plaintiff who sues out the writ must prove that the proceedings attacked will damage him and the use of it will be to change the judgment and alter his status. It is never issued when it clearly appears that it is wholly unnecessary, and that no advantage will come to the plaintiff by its enforcement. This is laid down by the text books and is the result of all the decisions. Harris on Certiorari, §§ 653, 786; Davison v. Otis, 24 Mich. 23. It is apparent from what is exhibited by this record that the judgment can never be changed, that there is nothing in the proceedings which will injure the petitioners, that their situation cannot be changed nor can it in any wise be affected by a decision by this court that the judgment of the police magistrate is invalid and void since it is no longer in force. It appears from the record and is conclusively presumed to be true, that on the entry of the judgment the parties paid their fines and went their way.
What advantage would come to them by an adjudication of the invalidity of that judgment is beyond our apprehension.
This question has been directly considered in two or three cases, and it has been adjudged that where a fine has been paid and the relator has been released before the application for the writ, the necessity therefor is not apparent from the petition and the application ought to be refused. It renders wholly immaterial any question which the writ can raise, and the only judgment which ought to be entered in such case is one to quash as having been improvidently granted. Powell *346 v. People, 47 Mich. 108; City v. Maroney, 49 Mich. 226; Water Co. v. County Commissioners, 112 Mass. 206.
■ These considerations compel us to reverse the judgment of the district court and remand the cause to the lower court with directions to enter a judgment quashing the writ, which is accordingly done.

Reversed.