GODKIN *v.* TOWNSHIP OF DOYLE.[1]

1. TAXATION—PAYMENT UNDER DURESS—RECOVERY.
   One who has paid a valid tax cannot recover it back on the ground that the warrant under which the treasurer acted in making the levy was irregular and that the levy constituted duress.

2. SAME—EXCESSIVE COLLECTION CHARGES—LIABILITY OF TOWNSHIP.
   A township is not liable for the amount of collection fees illegally collected by its treasurer in collecting a tax, it having had nothing to do with their collection and not having had the money.

Error to Schoolcraft; Steere, J. Submitted February 8, 1906. (Docket No. 118.) Decided March 5, 1906.

Assumpsit by John Godkin against the township of Doyle for taxes paid under duress of levy. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Albert McClatchey,* for appellant.

*Virgil I. Hixson,* for appellee.

[1] Rehearing denied June 4, 1906.

HOOKER, J.   The plaintiff brought assumpsit against the defendant for $494.96, with interest, upon the claim that the amount stated was paid by him to defendant's treasurer "under duress of levy" on his property, under and by virtue of a supplemental warrant issued by the county treasurer in March, 1904, for a tax assessed in 1903.   Being defeated, he has appealed.

It is admitted that the tax was assessed, and the tax roll seasonably delivered to the treasurer, who failed to collect the tax during the life of the warrant.   It is claimed that he wrote to the plaintiff at Bay City and threatened to levy on his property, if the tax should not be paid on or before a date named, and afterwards notified him that he had levied, and would sell the property levied on upon a day therein stated.   On receiving this notice, plaintiff sent his attorney to see the treasurer, who reiterated his assertion that he had levied upon plaintiff's property, and would sell it if the tax were not paid.   The attorney paid under protest, but, upon questioning the treasurer further, the latter finally admitted that he had not posted the required notices, and the attorney then informed him that there could be no sale, and demanded repayment of the money, and received it.   Afterwards the treasurer returned this tax upon the regular blank, in a list under the caption "Personal."   Later the county treasurer issued a supplemental warrant in the usual form, and, upon receiving it, the treasurer immediately made a levy upon plaintiff's property for the full amount of the tax, and the additional sum of $7 for cost of levy, and to prevent a sale the plaintiff paid the amount.   He claimed:

1. The form of the return was such that it would not enable any person to ascertain what it referred to.

2. If the form of the return was sufficient, the affidavit that "this deponent has not upon diligent inquiry been able to discover any goods or chattels belonging to the person liable to pay such sums, whereupon he could levy sums mentioned in the foregoing statements as unpaid," was willfully false and the paper void.

3. The attempt to compel payment was without legal authority, and was a legal injury, and the payment made to avoid it can be recovered as an extorted sum, for which there was no consideration.

4. The sum of $7, collected by the treasurer in the way mentioned, was an unlawful charge, and excessive under the statute, section 48 of the general tax law (1 Comp. Laws, § 3871), which limits it to $1.50.

The court found, in addition to the facts stated, that the plaintiff owned a sawmill, some 13 miles from the treasurer's residence; that it was idle; that he had heard that plaintiff had some personal property at the mill upon which he could levy, but had no personal knowledge regarding the matter; that in the latter part of February and early in March the roads were blockaded with snow, and the treasurer was unable to go there and make a levy, which he attempted to do after February 26th, when he failed to receive a remittance from the plaintiff. He received from the plaintiff $487.96, and returned 4 cents, being the excess of the $7 over the fees claimed. The finding of the circuit judge shows that the taxes were valid, and that no claim was made that they were unjust or inequitable, and that therefore it was not shown that the township had money which in equity or good conscience it ought to repay to the plaintiff, and that under the case of *Minor Lumber Co.* v. *City of Alpena*, 97 Mich. 499, there could be no recovery. Counsel seeks to distinguish that case from the present one by claiming that the case is not brought under the statute, section 53 (1 Comp. Laws, § 3876), permitting "a voluntary payment under protest," but is a case where the payment was made under duress.

The plaintiff, expressly admitting the tax to be valid, plants his claim upon the proposition that the treasurer had no authority to collect the tax under the second warrant, although a valid tax. He does not cite authorities directly in point, apparently relying upon cases where it has been held that a treasurer could not sue and recover taxes where he had not made a valid return of the unpaid

tax under section 55 (1 Comp. Laws, § 3878). In 2 Cooley on Taxation (3d Ed.), p. 1488, it is said:

" In general, an action can only be maintained [to recover a tax paid] when the following conditions are found to concur: 1. The tax must have been illegal and void, and not merely irregular."

We may omit the other essentials. We have not such a case, and the court did not err in saying that the plaintiff had failed to make a case. We do not wish to be understood as saying that we recognize the validity of the attempted distinction between taxes " voluntarily paid under protest " and taxes " paid under duress of levy."

It may well be argued that the statute has merely enlarged the scope of the term " involuntary payment," and applied to taxes voluntarily paid (so to speak) under protest the general principle theretofore applicable to what was considered involuntary payments, which, so far as we have been able to find, have never permitted the recovery back of a valid tax, which the plaintiff was in duty bound to pay, merely because of an irregularity in the method of collection.

This view renders it unnecessary to refer to the other errors alleged, except that relating to the collection charges. As to that, we understand that the township is not responsible for the collection of illegal fees. It not only had nothing to do with their collection, but has not had the money.

The judgment is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.