HOFFMAN *v.* SHELL.

1. DRAINS—PROCEEDINGS to ESTABLISH — SPECIAL COMMISSIONERS
   —CITATION—EVIDENCE OF SERVICE—SUFFICIENCY.

   Where the order of the probate court appointing special com-
   ·missioners in drain proceedings recites that it appears by
   affidavit of publication on file that due publication of the
   citation has been made, there is evidence that a copy of the
   citation was duly published.

2. SAME—DEFECTIVE PETITION—EQUITABLE INTERFERENCE.

   The fact that a petition for the construction of a drain is de-
   fective, for which reason, perhaps, the court should dismiss
   it, is not ground for equitable interference, the landowner's
   remedy being statutory.

3. SAME—TAXES—RESTRAINING COLLECTION—GROUNDS.

   A nonresident landowner who has not been served with the
   notice required by Act No. 272, Pub. Acts 1899, chap. 4, § 1,
   either personally or by publication, and has not waived it, is
   entitled to have the collection of the special tax levied for
   the construction of a drain restrained, and the taxes and
   assessments set aside.

Appeal from Gladwin; Sharpe, J.   Submitted October
24, 1907.   (Docket No. 131.)   Decided March 31, 1908.

Bill by A. J. Hoffman against Herbert Shell, drain
commissioner, and David S. Streeter, township treasurer,
to vacate certain drain proceedings, and to enjoin the col-
lection of taxes.   From a decree dismissing the bill, com-
plainant appeals.   Reversed.

*E. C. Babcock,* for complainant.

*Thomas G. Campbell,* for defendants.

OSTRANDER, J.   The bill asks for a decree vacating
proceedings to establish a county drain and enjoining the
collection of taxes levied to pay for its construction.   In
the answer, the benefit of a demurrer is claimed upon the

ground that the allegations of fact in the bill relating to the proceedings to lay out the drain, if true, are not sufficient to give the court jurisdiction and the other matters alleged, if true, are not sufficient to avoid the taxes. The answer thus proceeds:

"That the several allegations of fact in the said bill, are to the best of the knowledge, information of the said defendants either untrue in fact, or the said defendants and each of them are unable to say whether the same are true or untrue, and complainant is therefore left to his proof in relation thereto."

It is further averred that the proceedings to establish and construct the drain, including the spreading of taxes for such construction, have been free from errors and irregularities prejudicial to the rights of complainant. The particular charges in the bill are in no other manner answered. The court below was of opinion that inasmuch as the complainant admitted having knowledge that some proceedings were being taken to establish the drain, and as fraud, in fact, on the part of the drain commissioner was not alleged or proven, a court of equity would not, and under the rulings of this court should not, interfere.

The meritorious question is whether the court should have retained, for any purpose, jurisdiction of the case. See *Strack* v. *Miller*, 134 Mich. 311, and cases cited in the opinion; *Crandall* v. *McElheny*, 146 Mich. 191. All material allegations of the bill are admitted by the answer. Chancery Rule 10. The most of them are, also, proven. It appears that there was no legal application for the laying of the drain (2 Comp. Laws, § 4319; Act No. 272, Pub. Acts 1899, chap. 3, § 1); that such application as was made was not acted upon for two years after it was filed (2 Comp. Laws, § 4320); it was made to a predecessor in office of the defendant drain commissioner. The commissioners appointed by the probate court met neither at the time nor place appointed by the court (2 Comp. Laws, § 4326), and they took their oaths six days after the time appointed for their meeting; the final order of

determination was not filed with the county clerk (2 Comp. Laws, § 4340; Act No. 272, Pub. Acts 1899, chap. 4, § 1); the notice of letting contracts and of review (2 Comp. Laws, § 4340; Act No. 272, Pub. Acts 1899, chap. 4, § 1) contained no description of the special assessment district or of the assessments for benefits, but only a description of lands traversed by the drain, and it was neither posted nor published as required by law; four 40-acre descriptions of complainant's land, taxed to pay for the drain, are not described at all in the said notice of letting of contracts; some of the land of complainant which is taxed lies below the mouth of the drain and the drain has its outlet on complainant's land, to his injury. See *Bruggink* v. *Thomas*, 125 Mich. 9. No assessment roll was made by the drain commissioner and filed with the town clerk. Complainant is a nonresident of the county. He is a sailor, spending his winters ashore. He knew that a drain running through some of his lands was proposed. In February or March, 1905, he was applied to by the drain commissioner to release the right of way and damages, and declined to do so for the reason that the survey which had been made indicated that the drain would, as it does, have its lower end and outlet on his land. In the fall of 1905, he was confronted with a demand for the taxes in question. He acted promptly.

But it is not charged in the bill, and therefore is not admitted by the answer, that complainant was not served with a citation (2 Comp. Laws, § 4323), or that a copy of the citation was not duly published (2 Comp. Laws, § 4324). In the brief it is said that there was no service or attempted service of the citation, and it is claimed, also, that this fact is established by the evidence. The record justifies a different conclusion, though perhaps upon slight evidence, because in the order of the probate court, appointing commissioners, introduced by counsel for complainant, is recited the issuing of the citation and that it appears—

" By affidavit of publication now on file with this court that due and legal publication of said citation has been made as notice to all persons who are nonresident owners of lands to be affected by such drain."

There is therefore no denial of the jurisdiction of the probate court to act, in some way, upon the petition filed by the drain commissioner. In saying this, it is apparent that we are deciding that the mere fact that a petition is defective, for which reason, perhaps, the court should dismiss it, is not a ground for equitable interference. The court acted and the remedy of complainant, so far as the proceedings to lay the drain are concerned (a remedy which it would appear from his allegations is still open to him), is the statute remedy.

Should the court have restrained the collection of the taxes? The question is answered, in favor of complainant, by the decision of this court in *Hinkley* v. *Bishopp*, 152 Mich.— He is nonresident. He had not the notice required by Act No. 272, Pub. Acts 1899, chap. 4, § 1, since it appears that there was no notice containing proper matter, that none was published or posted, and that he was not personally served with such notice as was prepared. He has not waived the notice. He may, if he chooses, have a decree setting aside the taxes and the assessment, subject to a reassessment. Neither party will recover costs of this appeal.

GRANT, C. J., and BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.