RANNEY REFRIGERATOR CO. *v.* SMITH.

1. TAXATION—DRAINS—JURISDICTION.

  Jurisdiction is conferred on the drain commissioner to lay out and construct a drain, by a petition therefor in due form.

2. SAME.

  The fact that a description of the route does not give the precise direction, does not avoid the proceedings, where a general description of the beginning, route, and terminus was included.

3. SAME—DELAY.

  The delay of upwards of a year in proceeding to a determination of the necessity for a drain is not unreasonable where it appeared that the commissioner with whom the petition was filed had been succeeded by a new commissioner during the interval, and neither is shown to have unreasonably delayed the proceedings.

4. SAME—RIGHT OF WAY.

  An irregularity in obtaining the release of a right of way across plaintiff's land, where the instrument, although signed by the president and secretary, was not authorized by its board of directors, does not avoid the assessment, in view of plaintiff's failure to review the proceedings on certiorari as provided for by 2 Comp. Laws, § 4346, as amended by Act No. 27, Public Acts 1899.

5. SAME—LEVY AND SPREADING OF TAX.

  That the tax was spread before the record had been deposited with the county clerk, under 2 Comp. Laws, § 4314, and the apportionment and review completed before the proof of service of the required notice was made, if notice was actually given, are mere irregularities and do not affect the validity of the proceedings.

Error to Bay; Collins, J. Submitted January 5, 1909. (Docket No. 6.) Decided July 6, 1909.

Assumpsit by the Ranney Refrigerator Company against Jacob J. Smith, township treasurer, and Herbert Shell, county drain commissioner, for taxes paid under

protest.   A judgment for defendants is reviewed by plaintiff on writ of error.   Affirmed.

*C. L. & C. B. Rarden* and *George E. Nichols,* for appellant.

*Campbell & Foster,* for appellees.

HOOKER, J.   The plaintiff, a corporation, has brought this action against a township treasurer and a drain commissioner to recover certain drain taxes paid under protest.   It is brought under the provisions of 2 Comp. Laws, § 4359, which provides:

"All drain taxes assessed under the provisions of this act shall be subject to the same interest and charges, and shall be collected in the same manner as State and other general taxes are collected, and collecting officers are hereby vested with the same power and authority in the collection of such taxes as are or may be conferred by law for collecting general taxes.   In all cases where suit is brought against the collector arising out of the collection of any drain tax, the county shall defend such officer in the same manner that he has now the right to be defended in the collection of general taxes.   No suit shall be instituted to recover any drain tax or money paid or property sold therefor, or for damages on account thereof, unless brought within thirty days from the time of payment of such money to, or sale of such property by, the collecting officer; and if such tax shall be paid under protest the reasons therefor shall be specified, and the same procedure observed as is or may be required by the general tax law.   All taxes levied under the provisions of this act, or of act number two hundred and sixty-nine of the session laws of eighteen hundred and eighty-one, with all lawful costs, interest and charges, shall be and remain a perpetual lien upon the lands upon which they are assessed and a personal claim against the owner or owners of such lands until they are paid."

Plaintiff claims that the tax was void for two reasons, viz.:   (1) There was no jurisdiction to levy or spread said tax.   (2) The tax was void because excessive.   The drain

has been constructed and, we understand, mostly paid for.

The alleged want of jurisdiction involves the following questions: (1) The sufficiency of the petition. (2) The lapse of nearly a year between the time of filing the petition for the drain and the first order of determination. (3) The failure to lawfully acquire a right of way across plaintiff's land. (4) The failure to file or make proof of publication or posting of notice before the letting and review of the assessment. (5) The failure to file the proceedings in the county clerk's office before the taxes were spread.

Jurisdiction of commissioner. A petition in due form confers jurisdiction on the drain commissioner, regardless of subsequent irregularities. *Hall* v. *Slaybaugh*, 69 Mich. 484 (37 N. W. 545); *Lanning* v. *Palmer*, 117 Mich. 529 (76 N. W. 2); *Seibert* v. *Lovell*, 92 Iowa, 507 (61 N. W. 197); 14 Cyc. p. 1029, 1030; 10 Current Law, p. 1635; *Hinkley* v. *Bishopp*, 152 Mich. 256 (114 N. W. 676).

Description. It is contended that the petition was void by reason of the vagueness of the description of its course, viz., "thence in a southwesterly course about 60 rods." This language precedes the following: "Thence west to the Cedar Creek." This description was sufficient under the rule of *Hinkley* v. *Bishopp, supra.* It "gave a general description of the beginning, the route and the terminus of the proposed drain."

Delay. The petition for the drain was filed with C. W. Van Valkenburg, then drain commissioner of Gladwin county, on July 27, 1903. He was succeeded in office on January 1, 1904, by Shell, to whom the petition came with other official papers at that time. Shell made the first order of determination on September 9, 1904. Appellant's brief states that "no explanation of this delay is shown." This action is within the rule of *Davison* v. *Otis*, 24 Mich. 23. We are satisfied that the commissioner had jurisdiction to proceed to lay out the drain.

Right of way. It is contended that the commissioner lost jurisdiction by reason of the alleged failure to obtain a legal release of the right of way. The plaintiff is a corporation owning a parcel of land traversed by the drain. The first order of determination was made on September 9, 1904, after a survey. The commissioner proceeded to get releases of the right of way, among them one upon plaintiff's land, signed and acknowledged by plaintiff's president and secretary, and under the seal of the corporation. It is contended that this release was void, for the reason that the board of directors had not authorized it in the way provided by plaintiff's by-laws, viz. :

"No real estate shall be conveyed, mortgaged, or leased except by resolution of the board of directors passed at a meeting of said board, and duly recorded in the records of said company."

On July 28, 1905, the commissioner made his final order of determination. It stated that all damages by reason of the construction had been released by all the owners of land traversed by the drain. A notice of letting followed, the plaintiff being served with the notice. As was said in *Hinkley* v. *Bishopp:*

"No person owning land traversed by the drain undertook to review the proceedings by certiorari [ see *Auditor General* v. *Crane*, 152 Mich. 94 (115 N. W. 1041 )], and no such person complains or asks in this cause relief from the appropriation of the land for the drain."

We may add that this plaintiff did not attempt to prevent or stop the construction of the drain, of which it must have been informed. Now it attempts to escape its proportion of the cost by this action. Were it some other person whose land had been irregularly appropriated, this plaintiff could not make such irregularity the basis of this action. The proceedings to acquire the right of way, and those to apportion benefits are separate and distinct. See *Hinkley* v. *Bishopp, supra; Hoffman* v. *Shell*, 151 Mich. 669 ( 115 N. W. 979 ). Were this a pro-

ceeding to overturn the condemnation of plaintiff's land, plaintiff's right to relief would be doubtful under *Auditor General* v. *Crane, supra.* But it is not, and we need only say that we are concerned only with the questions relating to the apportionment and assessment of benefits.

Levy and spreading of tax. These alleged defects are: (1) The making of the apportionment before proof of service of notice was made. (2) The spreading of the tax before the filing of the papers in the proceeding with the county clerk. (3) An excessive amendment. These proceedings are, at most, irregularities.

Proof of notice before apportionment. The record shows the service, posting, and publication of the notice of the time and place appointed by the commissioner for apportionment and review. Proof thereof was not made at or previous to the review. That was not fatal to the proceedings, provided notice was actually given. *Murphy* v. *Dobben,* 137 Mich. 565 (100 N. W. 891).

Spreading tax. The tax was spread before the record had been deposited with the county clerk, This was contrary to the provisions of 2 Comp. Laws, § 4314. While we have held that a mandamus will not issue to compel the spreading of a tax under such circumstances (see *Conley* v. *Board of Sup'rs of St. Clair Co.,* 88 Mich. 245 [50 N. W. 140]), we have also held that, if spread, such tax is not necessarily recoverable though paid under protest (*Matrau* v. *Tompkins,* 99 Mich. 528 [58 N. W. 472]). We understand that this was in effect holding the provision against spreading the tax to be directory. The apportionment was not necessarily invalid because the tax was prematurely spread, and, the requisite papers being afterward filed, plaintiff's claim is technical, and it should not be allowed to recover on that ground. See *Gratwick, etc., Lumber Co.* v. *Village of Oscoda,* 97 Mich. 221 (56 N. W. 600); *Minor Lumber Co.* v. *City of Alpena,* 97 Mich. 499 (56 N. W. 926); *Matrau* v. *Tompkins, supra.* See, also, 2 Comp. Laws, §§ 4359,

4364, 4365.   As the record shows that the tax as spread was less than the law permitted the commissioner to impose, plaintiff has no cause of complaint on this ground.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.