LONG *v.* VILLAGE OF DUNDEE.

1. TAXATION—SPECIAL ASSESSMENTS — MUNICIPAL CORPORATIONS.
   In an equitable action for money had and received, brought against a village to recover the amount of a special paving tax paid under protest, the plaintiff can only recover the excess above the amount properly assessed against his property.

2. SAME—SPECIAL ASSESSMENTS—PAVING TAX—IRREGULARITY.
   A suit will not lie to recover taxes paid when the only complaint that can be made is that the proceedings in their levy and collection have been irregular, the remedies by review or appeal being adequate to afford redress.

3. SAME—PAVING TAX—VALIDITY OF EXCESSIVE LEVY.

Under a statute limiting the amount of a tax to five per cent. of the valuation of any parcel assessed, and under proceedings which authorized the collection of one-fifth of the entire special tax for paving the first year, an installment of $18 is payable on the first assessment by an owner of premises assessed at a valuation of $1,800, who cannot, however, recover, where a tender had been made of the excess collected.

4. SAME—ACTIONS TO RECOVER TAXES PAID—PARTIES.

The portion of an excessive levy for a village paving tax, consisting of the fees and expense of making a levy by the tax collector, is not recoverable from the village in the absence of evidence that such amount was reported to the village or became a part of the public fund.

Error to Monroe; Golden, J. Submitted October 22, 1909. (Docket No. 153.) Decided December 30, 1909.

Assumpsit by Cornelius F. E. Long against the village of Dundee for money had and received. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*George M. Landon,* for appellant.

*Willis Baldwin,* for appellee.

MONTGOMERY, J. This action was brought to recover a special assessment imposed upon property of the plaintiff for the purpose of paying in part for paving the street in front of his premises, which assessment was paid under protest. The defendant village is organized under the general statute, 1 Comp. Laws, chap. 87. In the year 1907, the common council directed the making of a special assessment roll to meet 75 per cent. of the cost of paving the district, and directed the assessment to be made according to benefits; also, that the amount assessed against each parcel should be divided into five equal parts, one part to be collected in the year 1907, one part to be collected annually thereafter, until the whole was collected,

with interest on such deferred parts, at 6 per cent. per annum. The council further directed that "the valuation of each parcel of land fronting upon said improvement, as fixed by the last assessment roll, the per cent. of benefits received by each parcel, and the amount of money to be collected on account of such parcel, this fiscal year" be placed upon said roll, and that the entire assessment against any particular parcel should not exceed 25 per cent. of such assessed valuation. The board of assessors were required to report such roll to the council and file the same with the village clerk on or before July 13th. The roll contained the description of the plaintiff's premises, and the valuation of $1,800 and per cent. of benefit was given. The total amount of tax was given at $110, and the amount assessed against the premises for 1907, $22. The assessment roll was made, reported, and filed, and afterwards reviewed and confirmed by the council, after notice.

In August, 1907, the council ordered the clerk of the village to make and annex to a certified copy of the roll a warrant for the collection of the several amounts named in the said roll for the year 1907. A warrant was thereupon prepared directing the collection of the amount in the column marked, "Amounts assessed against premises, 1907." The treasurer, with such roll and warrant, called upon the plaintiff and made demand for payment. The plaintiff offered to pay the treasurer the sum of $90, claiming that this sum was 5 per cent. of the valuation of the premises and all that could be lawfully assessed. The treasurer, not being satisfied of his right to accept the money, sought advice, and on his return refused to accept the money, and demanded the sum of $22, which he was ordered to collect. This sum, with costs, appellant then paid under protest. Claim for the return of this money was made and filed with the council, which the council neglected to allow or reject. Before the actual commencement of this suit, however, the village tendered to the appellant the sum of $6.40 in satisfaction of his

claim. On the trial a verdict was directed for the defendant, and plaintiff brings error.

The theory of the plaintiff is: That the village treasurer should have been authorized by the warrant to collect the total amount of the assessment for the full five years, which, according to his theory, would be $90; that the assessment for the year 1907 of $22 was excessive, as the limit authorized was $18; that the total assessment of $110 exceeds the 5 per cent. authorized by the village charter; and that the council had no authority to direct the issuance of a warrant to collect one-fifth of the amount.

The case presented shows that the tax was properly authorized to be spread; but that as assessed it contained an excess over the amount authorized by the statute. This is an equitable action for money had and received. There is no reason for saying that the plaintiff should recover the amount properly assessed against his property which was included in the assessment. The irregularity in imposing a larger tax than was authorized did not excuse the plaintiff from the legal or moral obligation to meet the tax which was in fact assessable and properly spread. This is not an action against the treasurer for trespass, but is brought against the municipality to recover money which it ought not in equity to receive.

"A suit will not lie to recover back taxes paid, when the only complaint that can be made of them is that the proceedings in their levy and collection have been irregular. The fact of irregularity does not establish injustice; there must be something further in the case which either exempts the party from the tax altogether, or which, because of illegality or inequality, deprived the officers of jurisdiction. * * * Irregular action does not necessarily injure the parties concerned; and, where it does, the remedies given by review or appeal are supposed to afford full redress. * * *" Cooley on Taxation (2d Ed.), p. 808.

See, also, *Gratwick, etc., Lumber Co.* v. *Village of Oscoda,* 97 Mich. 221 (56 N. W. 600); *Minor Lumber Co.* v. *City of Alpena,* 97 Mich. 499 (56 N. W. 926);

*Godkin* v. *Township of Doyle*, 143 Mich. 236 (106 N. W. 882).

In the present case the village was entitled to collect and receive from the plaintiff $18. It received $22; $6.40 was tendered back before suit was brought. Under section 2845, 1 Comp. Laws, the proceeds of a sale for the collection of taxes are to be applied to the payment of the assessment and a percentage of 5 *per centum* upon the amount of the assessments for costs and expenses of seizure and sale. This is all the money that, under the statute, finds its way into the hands of the treasurer of the village. There is no evidence that the other costs and expenses were reported to the village or became a part of the public fund. If the plaintiff is entitled to recover in any action these items, it would be in an action against the collector, rather than the village. See *Godkin* v. *Township of Doyle, supra.*

The plaintiff has not been compelled to pay an excess over the amount properly assessable and collectible from him, and is not entitled to maintain this action.

The judgment is affirmed.

GRANT, OSTRANDER, MOORE, and MCALVAY, JJ., concurred.