# APRIL TERM, 1908.*

---

## CHANDLER v. HEISLER.

1. CONSTITUTIONAL LAW — LEGISLATIVE POWERS — DELEGATION —
BOARDS OF SUPERVISORS—DRAINS.

> Act No. 21, Pub. Acts 1905, conferring power upon the boards
> of supervisors of certain counties to add to the conditions to
> be complied with as prerequisites to the construction and re-
> pair of drains, is not an unconstitutional delegation of legis-
> lative power to boards of supervisors, but is a valid delegation
> of control over a local matter authorized by section 36,
> article 4, of the Constitution.

2. DRAINS—ESTABLISHMENT—CONSENT OF TOWNSHIP BOARDS.

> Where a resolution of a board of supervisors, adopted pursuant
> to Act No. 21, Pub. Acts 1905, provides that no expenditure
> for a drain shall be authorized until permission in writing
> shall be signed by "at least a majority of the members of the
> township board or boards affected by" the proceedings, a
> majority of the members of each board affected is necessary,
> a majority of the members of the several boards collectively
> not being sufficient.

3. CONSTITUTIONAL LAW — LEGISLATIVE POWERS — DELEGATION —
BOARDS OF SUPERVISORS—TOWNSHIP BOARDS—DRAINS.

> A resolution of the board of supervisors of a county, adopted
> pursuant to Act No. 21, Pub. Acts 1905, providing that no
> expenditure for a drain shall be authorized until permission
> in writing shall be signed by a majority of the members of
> the township boards affected thereby, is not invalid as an at-
> tempt by the board of supervisors to delegate to the township
> boards the authority reposed by the statute in the super-
> visors, but is a valid legislative protection of township rights.

4. SAME—TOWNSHIP BOARDS—INDIVIDUAL MEMBERS.

> That the authority to withhold their assent to the proceedings
> is conferred upon the members of the township board, instead

---

*Continued from Vol. 152.

of upon the board, is immaterial, since the power is not of a legislative character, and the members in giving or withholding their assent act as business agents of the township.

5. DRAINS—RESTRAINING CONSTRUCTION—CERTIORARI—REMEDY. A bill in equity will lie to restrain the construction of a drain on the ground that requirements prescribed by the board of supervisors pursuant to Act No. 21, Pub. Acts 1905, have not been complied with, since the proceedings to establish the drain may be regular and not open to the certiorari provided by the general drain law, and still there be no compliance with the supervisors' requirements.

Appeal from Montcalm; Davis, J.  Submitted April 10, 1908.  (Docket No. 15.)  Decided May 26, 1908.

Bill by Chester E. Chandler against Charles L. Heisler, county drain commissioner, to restrain the construction of a drain.  From a decree for complainant, defendant appeals.. Affirmed.

*Fred L. Williams*, for complainant.

*John Nichol*, for defendant.

MONTGOMERY, J.  The bill in this case was filed to restrain the defendant from proceeding to construct a drain without having procured the assent of a majority of the members of the township boards of the townships through which the drain extends.  The proceeding rests upon the provisions of Act No. 21 of the Public Acts of 1905, which is an amendment to the general drain law, and provides that the boards of supervisors of certain named counties, including Montcalm,

"May from time to time, by resolution, fix and determine such further conditions than those herein set forth, to be complied with, before all or any contract shall be made or entered into for the construction, improvement or clearing out of any drain as hereinbefore provided, as to such boards shall seem necessary and proper to protect all persons and townships that may be affected by the proceedings; and no contract or expenditure shall be

made or entered into by the drain commissioner or his deputy, without first complying with such conditions."

Acting under the authority of this law, the board of supervisors of Montcalm county, at the October session, 1905, passed the following resolution:

"Resolved, That pursuant to said Act No. 21 of the Public Acts of 1905, the county drain commissioner shall not enter into any contract for the construction, improvement or clearing out of any drain and no expenditure shall be made therefor without having first obtained permission in writing to that effect, signed by at least a majority of the members of the township board or boards affected by such action of the county drain commissioner."

The circuit court granted the relief prayed, and the defendant appeals to this court.

It is contended that, if it was the purpose of Act No. 21 to confer power upon the board of supervisors to fix a condition that would render a general law of the State inoperative, it is unconstitutional. Section 38, article 4, of the Constitution, provides:

" The legislature may confer upon organized townships, incorporated cities and villages, and upon the board of supervisors of the several counties, such powers of a local, legislative and administrative character as they may deem proper."

In *Albert* v. *Gibson*, 141 Mich. 698, the precise question of whether authority corresponding to that delegated to the board of supervisors by the act in question was within this provision of the Constitution was presented and such authority affirmed. See, also, *Hurst* v. *Warner*, 102 Mich. 238 (26 L. R. A. 484), and *Friesner* v. *Charlotte Common Council*, 91 Mich. 504. As was said in *Albert* v. *Gibson:*

"It has been frequently held by this court that the laying out of drains is a mere neighborhood matter."

It is peculiarly a matter control of which might be delegated to townships, cities, or boards of supervisors within the terms of this constitutional provision.

It appears that a majority of the aggregate number of the members of the township boards of the three townships affected by this drain signed the permission in writing provided for by the resolution of the board of supervisors, but not a majority of the several boards of the townships affected. It is contended that this was sufficient to answer the requirements of the resolution, and *Brady* v. *Hayward*, 114 Mich. 326, is cited as authority. That case presented a very different question. In that case, the court was dealing with the sufficiency of a petition filed under a statute which required that the petition should be signed by not less than five freeholders of the township or townships in which such drain or the lands to be drained thereby and to be assessed therefor may be situated, one or more of whom shall be the owners of the lands liable to be assessed for benefits. The contention made was that the petition must be signed by not less than five freeholders of each township. The court held that this was not required.

It will be noticed that a fixed number of freeholders was required by the statute, and that a residence in any of the townships in which the drain was to run answered the requirements, and it required but one of the petitioners to be the owner of lands liable to be assessed for benefits. The freeholders in this case were in no sense representatives of the township or townships. For they acted in their own behalf and in their individual capacity, whereas the resolution in question in this suit was adopted under the authority of the legislature which gave the board the right, and imposed the duty of protecting all persons and *townships*, and, obviously, the purpose of the requirement was to protect the several townships, and the signers of the permission were in their action acting in protection of their several independent townships, and the language employed must be construed with reference to the plain purpose in reposing this authority, and the requirement that the permission shall be signed by a majority of the members of the township boards of the townships af-

fected, when so construed, requires the action of a majority of the members of each of the township boards, as the townships were necessarily acting severally.

But it is contended that, if this construction be placed upon the action of the board of supervisors, then it must be considered an attempt on the part of the board to delegate to the township boards of the various townships the authority reposed in the board of supervisors by Act No. 21, in question, and the case of *City of St. Louis* v. *Russell*, 20 L. R. A. 721 (116 Mo. 248), is cited to show that this would render the action invalid. The case is one in which the city, acting under authority to license and regulate livery stables, passed an ordinance which required any person, before commencing to build a building for that purpose, to secure the consent of the owners of a majority of the property in the block in which the building was situated. It was held that this was a delegation of the power reposed in the council and was not authorized.

The case of *City of Chicago* v. *Stratton*, 162 Ill. 494 (35 L. R. A. 84), distinguishes this case and holds that a delegation of the power to fix the location of a livery stable is not effected by an ordinance prohibiting the location of one upon a street where two-thirds of the buildings are devoted to residence purposes, except where a majority of the lot owners on such street consent in writing to the location of a livery stable there.

We need not determine whether these cases may be reconciled, or as to which case makes for the better rule. Both cases are dealing with an attempt by the municipality to control a proposed business acting under the police power. It may be assumed that any person has a right to engage in the business of keeping a livery stable subject only to the legitimate exercise of the legislative authority, either State or municipal, in fixing such restrictions as the public health or convenience may require. But we know of no rule which confers upon anyone a vested right to a proposed new undertaking in the nature

of a public improvement. And so it is that under the general drain law and many similar enactments, public improvements are stayed until there shall be a petition of a stated number of those directly interested. This is not a delegation to the persons whose signatures are required of legislative power. It is rather a legislative protection of individual rights. So in this case, the township is liable to assessment for a portion of the benefits derived from a public drain. Either wisely or unwisely the legislature has conferred upon the board of supervisors the authority to fix conditions in these various counties, and, under the delegated legislative authority, the board in the county of Montcalm has determined that no such improvements shall be entered upon unless, in addition to all the requirements fixed by the general drain law, the assent of the several townships shall be obtained in the manner prescribed by the resolution above quoted.

Criticism is made of this action upon another ground, namely, that the board of supervisors has conferred upon the individual members of the township board authority of a legislative character, and that this is unauthorized delegation of authority. We do not regard this power conferred as legislative in its character. The individual members of the township board are authorized to withhold their assent for the purpose of protecting the interests of the township from an unnecessary or excessive burden. They act as conservators of the townships' interests—not in a legislative capacity. They are the business agents of the township for this purpose. The fact that they are not convened for the purpose of taking this action as a board does not affect the validity of their action. They are constituted the agents of the township, and individual action by members of the board is not unusual. For instance, the supervisor may approve the bond of the treasurer. 1 Comp. Laws, § 2354. The supervisor or clerk may approve of the security given by constables, and under the general tax law—section 3922—it is provided:

" Where any statement, certificate, or record is required to be made or signed by a school district board or a township board, such statement, certificate or record may be made and signed by the members of such boards, or a majority thereof, and it shall not be necessary that other members be present when each signs the same."

We think it was within the power of the board of supervisors, acting in its legislative capacity, to dispense with the formality in the action required of the township board.

It is contended that a bill in equity will not lie to restrain the construction of this drain, and that certiorari is the proper remedy. Section 3 of chapter 5 of Act No. 254 of the Public Acts of 1897—the general drain law—provides for certiorari, and also provides:

" Notice of such certiorari shall be served on the county drain commissioner within ten days after the copy of the final order of determination of such commissioner in establishing any drain has been filed with the county clerk as provided in section one of chapter four."

Section 1 of chapter 4 requires that the certified copy of such order of determination shall be filed with the county clerk within 5 days after the order is made, that is, the order establishing the drain. The same section then proceeds to impose the duty upon the drain commissioner of giving notice of the time and place of letting, which should be not less than 10 days, so that the certiorari provided for was evidently intended as a means of reviewing the action of the drain commissioner in establishing the drain.

Section 14 of chapter 9, which was added by the amendment of Act No. 21, Pub. Acts 1905, simply confers upon the board of supervisors authority to fix and determine further conditions than those prescribed in the general act to be complied with before any contract shall be made or entered into for the construction, improvement, or clearing out of any drain, so that, although all the proceedings of the establishment of the drain may be regular and not open to complaint on certiorari, there is under this section

and the action of the board an additional requirement which has been omitted, and there would seem to be no way to protect the rights of the complainant except by the present remedy. If it be suggested that an appeal might be taken under chapter 5, it is a sufficient answer to say that such an appeal would not be permissible in this cause because it would be to the township board, which has a duty inconsistent with that required when sitting in review of the proceedings. As bearing upon the question of whether a remedy in equity is open, see *Hinkley* v. *Bishopp*, 152 Mich. 256; *Hoffman* v. *Shell*, 151 Mich. 669.

The decree should be affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.