*In re* UNIVERSAL DRAIN.

ROETHKE *v.* BAUER.

1. DRAINS—BOARD OF SUPERVISORS—CONSENT OF TOWNSHIP BOARDS —STATUTES—REPEAL BY IMPLICATION.

Act No. 91, Pub. Acts 1901, amending the drain law, and authorizing the board of supervisors of Saginaw county by resolution to fix and determine "such further conditions than those herein set forth to be complied with"

before any contract should be entered into for the construction, improvement, or clearing out of any drain as to such board should seem necessary and proper to protect persons and townships affected thereby, *held*, not repealed by implication by Act No. 118, Pub. Acts 1909, because it provided for action by township boards as to the necessity of proposed drains.

2. SAME—CONFLICT OF LAWS—STATUTES.
   Where, by Act No. 118, Pub. Acts 1909, the legislature assumed to legislate on the subject of notice to and consent of township boards in respect to the construction of drains, it operated to deprive the board of supervisors of the right, granted by Act No. 91, Pub. Acts 1901, to impose, by resolution, the condition that the consent of the majority of township boards should be obtained as a prerequisite to the construction of a drain, since there would be a conflict of authority.

3. SAME—CONSENT OF TOWNSHIP BOARDS.
   In proceedings to determine the necessity of a drain and award just compensation to landowners for right of way, an objection by defendants that the proceedings were defective because not in compliance with a resolution of the board of supervisors authorized by Act No. 91, Pub. Acts 1901, cannot be sustained where the subject-matter of the resolution was superseded by legislation in Act No. 118, Pub. Acts 1909; and the fact that the provisions in the latter act were dropped out of the law in 1915, and again reinstated in the laws of 1917, after the proceedings in the present case were under way, would not avail defendants anything, unless the resolution was again passed by the board of supervisors, of which there is no claim made.

Error to Saginaw; Brown (Clarence M.), J. Submitted 'June 15, 1920. (Docket No. 8.) Decided August 14, 1920.

Petition by Emil Roethke, drain commissioner of Saginaw county, against Henry H. Bauer and another for the establishment of a drain. The proceedings were sustained in the probate court, and defendants appealed to the circuit court. Judgment for defendants. Plaintiff brings error. Reversed.

*E. L. Beach,* for appellant.

*Frank A. Rockwith,* for appellees.

BIRD, J. Plaintiff, in pursuance of a petition duly signed and filed with him, located a drain, to be known as the "Universal Drain," in the townships of Zilwaukee, Carrollton, and Saginaw, in the county of Saginaw. It was laid out through lands owned by defendants. They refused to release the right of way. Their refusal made it necessary for plaintiff to petition the probate court to appoint special commissioners to determine the necessity of the drain and award just compensation to defendants for their damages. This was done and a hearing ordered. At the hearing defendants appeared by counsel and filed objections to the proceedings on several grounds, the principal one, and the only one which we need consider, was that plaintiff had not complied with a certain resolution of the board of supervisors, which forbade the construction of drains until approved by a majority of the township board. This resolution was based upon an amendment to the drain law at the legislative session of 1901. The material part of the resolution was as follows:

"Resolved, that pursuant to said act the county drain commissioner of Saginaw county shall not act upon any petition or enter into any contract for, or make any expenditure or take any action whatever upon a petition for the original construction of any drain, or for the improvement or cleaning out of any drain, without having first obtained consent in writing to that effect, signed at least by a majority of the members of the township board, or boards, in which it is proposed to construct, improve, or clean out such drain."

The amendment upon which this resolution was based provides that:

"The board of supervisors of Saginaw county at any

session thereof, may, from time to time, by resolution, fix and determine such further conditions than those herein set forth to be complied with before all or any contract shall be made or entered into, for the construction, improvement or clearing out of any drain as hereinbefore provided, as to such board shall seem necessary and proper to protect all persons and townships that may be affected by the proceedings, and no contract or expenditure shall be made or entered into by the drain commissioner or his deputy without first complying with such condition." *    *    * Act No. 91, Pub. Acts 1901.

In order to meet and overcome the force of this objection, plaintiff's counsel contended:

(*a*) That the amendment of 1901 had been repealed by subsequent legislation.

(*b*) That the act amending the drain law was unconstitutional, because of defective title.

The probate court overruled defendants' objections and sustained the drain proceedings. The defendants, thereupon, appealed to the circuit court. After considering the respective contentions the circuit court overruled all of defendants' objections save the fourth one to which reference has been made. It was the opinion of the court that that objection was well taken and accordingly it dismissed the proceedings. The proceedings are now before us on the sole question as to whether plaintiff should have complied with the resolution of the board before proceeding with the drain.

(*a*) In 1908 the validity of the resolution was before this court in *Chandler* v. *Heisler*, 153 Mich. 1. Its validity was then questioned on the ground that it was an unauthorized delegation of power by the board of supervisors to the township boards, but this contention was overruled.

In 1909 the legislature amended the drain law and included therein provisions governing the subject-

matter that is covered by the resolution. This act provides that:

"Upon the filing of such application, the county drain commissioner authorized to act thereon shall, as soon as practicable thereafter, notify the township clerk or clerks of the township or townships through which the proposed drain passes, of the filing of such petition, giving a copy or copies thereof. Upon the receipt of such notice or notices it shall be the duty of the clerk or clerks so notified to call a meeting or joint meeting of the township board or boards, as the case may be, giving notice of the time and place of such meeting, and causing a notice of such meeting to be published for not less than one week in a newspaper published and in general circulation in the county. At the time and place fixed in said notice the township board or boards shall meet, and if more than one township be affected, then the board shall meet in joint session to determine the necessity of said drain and whether the same is necessary and conducive to public health, convenience and welfare. At such meeting all persons owning lands liable to assessments for benefits, or whose lands would be crossed by said drain, may appear for or against said drain proceedings. After hearing the evidence so offered as herein provided by all persons appearing for or against said drain proceeding, the board or boards, as the case may be, shall make their determination upon the necessity of said drain and whether the same is necessary and conducive to public health, convenience and welfare. If the board or boards shall find by a majority vote that the said drain is not necessary or conducive to the public health, convenience and welfare, they shall dismiss the petition and no further petition for said drain shall be legal if made within one year after such determination. If said board or boards by a majority vote shall find said drain so proposed to be necessary and conducive to the public health, convenience and welfare, they shall make their order to that effect and file the same with the said county drain commissioner." * * * Act No. 118, Pub. Acts 1909.

It is urged that this act, by implication, repealed

the amendment of 1901, upon which the resolution rests. We are unable to see how the amendment of 1909 took away the authority conferred on the board by the amendment of 1901. It quite likely affected the resolution which it had adopted in the exercise of that power because it covered the field which the resolution covered, but this did not affect the general power delegated to the board of supervisors. It will be recalled that the power therein conferred was that the board—

"may, from time to time, by resolution, fix and determine such further conditions than those herein set forth, to be complied with before," etc.

Even though the amendment of 1909 invalidated the condition which the board had imposed in the resolution, the power remained in the board to impose other conditions not in conflict with and not covered by the general act. It would, therefore, follow that the amendment of 1909 did not repeal by implication the amendment of 1901.

We are of the opinion, however, that when the amendment of 1909 went into effect it superseded the condition imposed in the resolution, for the reason that the legislature then undertook to, and did, provide for notice to and consent of the township boards. The power conferred on the board was to "prescribe further conditions than those contained in the general law." At the time the resolution was passed the condition imposed by the board that consent of the township boards should be first obtained, was valid, because the general law contained no conditions in that regard. When, however, the legislature assumed to legislate on that subject and imposed conditions, including notice to and consent of the township board, it deprived the board of supervisors of the right to impose the condition that the consent of the majority of township boards should be obtained as a prerequi-

site to the construction of a drain. Had the general law contained the amendment of 1909 when the resolution of the board was passed it is clear that the condition imposed by the resolution would have been of no force because it imposed conditions in conflict with those contained in the general law, and because after the 1909 amendment the condition imposed in the resolution was not "a further condition than those contained in the general law."

It may be well to mention the fact that the provisions incorporated in the 1909 law were dropped out of the law at the session of 1915 (1 Comp. Laws 1915, § 4881), and again reinstated in the laws of 1917 (Act No. 316, Pub. Acts 1917), but not until after the proceedings of this drain were well under way. We are not of the opinion, however, that these subsequent changes would avail defendants anything, unless the resolution was again passed by the board of supervisors after the amendment of 1915 went into effect. There is no claim that this was done.

It follows from what has been said that the condition embodied in the resolution was not in force when plaintiff took steps, in April, 1917, to lay out the Universal Drain. The order of the circuit court is set aside and the order of the probate court affirmed. Plaintiff will recover his costs in this court and in the circuit court.

STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred. MOORE, C. J., did not sit.