## EDDY *v.* WALKER.

1. DRAINS—PROCEEDINGS FOR CLEANING OUT—REVIEW BY CERTIORARI —STATUTES—TIME.

Plaintiffs' right to review by common-law certiorari the final order of determination by the drain commissioner, in proceedings for the cleaning out of a drain, was not limited to the 10-day period prescribed by 1 Comp. Laws 1915, § 4908, where the drain commissioner failed to file with the county clerk a certified copy of his final order, as provided in said statute, and plaintiffs acted promptly on learning of said order.

2. SAME—NECESSITY TO BE DETERMINED BY JOINT MEETING OF TOWNSHIP BOARDS—STATUTES—CONSTRUCTION.

The provisions of section 2, chap. 3, Act No. 316, Pub. Acts 1917, amending the drain law, requiring the drain commissioner to notify the township clerks of the townships traversed by a proposed drain, and providing for a joint meeting of the township boards to determine the necessity therefor, *held*, by the provisions of section 1, chap. 8, of said act, to apply also to proceedings for the cleaning out of an established drain.

3. SAME—FAILURE TO CALL JOINT MEETING OF TOWNSHIP BOARDS VOIDS PROCEEDINGS.

Where the drain commissioner, in proceedings for the cleaning out of an established drain, failed to notify the township clerks of the townships traversed by said drain, and no joint meeting of the township boards was held to determine the necessity therefor, as provided in said statute, his action in proceeding without said determination was illegal and void.

Error to Sanilac; Beach (Watson), J. Submitted June 16, 1921. (Docket No. 68.) Decided July 19, 1921.

Certiorari by John Eddy and others against Bert

R. Walker, drain commissioner of Sanilac county, to review proceedings for cleaning out a drain. Judgment for defendant. Plaintiffs bring error. Reversed.

*Fred A. Farr, Alex. B. Simonson,* and *William Walsh,* for appellants.

*Robert J. West* and *C. F. Gates,* for appellee.

FELLOWS, J.  This is common-law certiorari to review the proceedings for cleaning out "Middle Branch" drain and its branches located in Sanilac county and running through several of the townships.  We are met at the threshold of the case with the question of the propriety and availability of the remedy.  Defendant's counsel challenge our attention to the following provisions of section 3 of chapter 5 of the drain law (1 Comp. Laws 1915, § 4908) :

"Notice of such certiorari shall be served upon the county drain commissioner within ten days after the copy of the final order of determination of such commissioner in establishing any drain has been filed with the county clerk as provided in section one of chapter four.  *  *  *  If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter be questioned in any suit at law or equity."

Plaintiffs' counsel reply to this contention by showing that while the drain commissioner did make a final order of determination, he did not file a certified copy thereof with the county clerk in accordance with section 1 of chapter 4 (1 Comp. Laws 1915, § 4902), and defendant's counsel rejoin by contending that it is not necessary to make or file both a "first" and "final" order of determination where the proceedings are to clean out an existing drain, and considerable space is taken in the briefs in discussing the last named

contention. This question upon this record, however, is academic. If defendant's contention is correct, and it is unnecessary to make a final order of determination and file a certified copy thereof with the county clerk, it is obvious that the language above quoted from section 4908 is inapplicable, as without the filing of a certified copy of the determination the 10-day period therein fixed does not begin to run so as to deprive plaintiffs of the right to petition for a common-law writ of certiorari, and it is equally obvious that if plaintiffs' contention is accepted and such determination should be made and a certified copy thereof filed with the county clerk that the drain commissioner could not by failing to file such paper defeat plaintiffs' right to apply for a common-law writ of certiorari. In *Auditor General* v. *Crane,* 152 Mich. 94, we held (we quote from the syllabus) :

"The non-filing of the papers in a drain proceeding by the commissioner does not deprive a landowner of his remedy, since upon discovering that the commissioner has not complied with the statute he may obtain a review of the proceedings upon the common-law writ of certiorari."

Plaintiffs acted promptly in applying for this writ on learning of these proceedings, there is no laches on their part, and we are not persuaded that the circuit judge acted improvidently in allowing it.

The petition filed with the drain commissioner gave him jurisdiction, at least as against any objection here urged. After receiving the petition the commissioner without giving any notice to the township clerks of the townships traversed by the drain, and without a joint meeting of the township boards, or a meeting by any of them, determined the necessity in a first and made a final order of determination, caused a survey to be made and proceeded to let the contracts. The important question here presented is whether such action

is justified by the drain law where the proceedings are to clean out an existing drain, and this involves a consideration and a construction of section 1 of chapter 8 of Act No. 316, Pub. Acts 1917, in connection with the other applicable provisions of the drain law. With the wisdom or practicability of these provisions we are not concerned, our duty being solely to determine the legislative intent. Plaintiffs' counsel insist that the section above cited requires in cleaning out proceedings the preliminary proceedings found in section 2 of chapter 3 of the act of 1917, that this is manifest from the language used in section 1 of chapter 8, and is made clearly to appear when we consider the legislation which has preceded it.

We shall not review all of the amendments which have been made to the drain law in recent years, but will concern ourselves only with such enactments as have a tendency to check and put restraints on the commissioner's action. An examination of Act No. 254, Pub. Acts 1897 (2 Comp. Laws 1897, § 4308 *et seq.*), fails to reveal the checks on the action of the commissioner found in later legislation. By Act No. 91, Pub. Acts 1901, passed under the former Constitution, permitting local legislation, the board of supervisors of Saginaw county was authorized to prescribe further conditions than those found in the general act. In the recent case *In re Universal Drain,* 211 Mich. 388, we held that this act was not repealed by the act of 1909. In 1903 the act of 1901 was amended by adding St. Joseph county (Act No. 237, Pub. Acts 1903). It was again amended in 1905 and several other counties were added (Act No. 21, Pub. Acts 1905), and in 1907 Hillsdale county was added (Act No. 6, Pub. Acts 1907).

In 1909 the legislature by a general act (Act No. 118, Pub. Acts 1909) definitely put a check and restraint on the action of the drain commissioner by

requiring him to give notice to the township clerk or clerks of the township or townships to be traversed by the proposed drain, and provided for a meeting of the township board or boards as the case might be, provided for a public meeting and a hearing of interested parties, and placed the power of determining the question of necessity in the first instance with the township board or boards. By Act No. 185, Pub. Acts 1911, this proceeding was made applicable to cleaning out petitions. It remained in the drain law until 1915 (see Act No. 202, Pub. Acts 1915 [1 Comp. Laws 1915, § 4881]), when it was taken out and a meeting called by the commissioner was substituted. The action of the meeting, however, was not made binding on the commissioner. The State operated under this provision only until the next regular session of the legislature when Act No. 316, Pub. Acts 1917, was passed. By its terms the provision was put back into the law and where the petition is for the establishment of a drain it is specifically provided that notice to the clerk or clerks shall be given, and meetings held and determination made by the township board or boards. We are persuaded that a proper construction of section 1 of chapter 8 of the act of 1917 makes this provision applicable where the petition is to clean out. This view is fortified by the legislation we have reviewed. With the single exception of the act of 1915, the legislation has tended more and more towards surrounding the commissioner with checks by the local authorities. Cleaning out sometimes involves as much expense as the original construction; in the instant case it will call for a tax levy of over $59,000. Doubtless the legislature could have used less confusing language in framing section 1 of chapter 8 of the act of 1917. In one part of this section it is provided that in case the drain "is deepened, widened or straightened, he shall make his first order of determin-

ation and take the steps thereafter to be taken as heretofore provided for laying out and establishing drains," but it is also provided in an earlier portion of the section that upon receiving a petition to clean out an existing drain he "shall proceed in the same manner as is provided in section 2 of chapter 3 for the locating, establishing or extending a drain." In section 2 of chapter 3 is found the provision requiring notice to the township clerks and for holding meetings and for a determination by the township boards. If we give effect to the language last quoted, and we should give effect to it if possible, we are bound to conclude that the legislature intended to place the same check by local authorities upon the action of the commissioner in cleaning out proceedings as in the proceedings for the establishment of a drain. In the instant case this was not done. It follows that the judgment must be reversed and the proceedings of the commissioner following the filing of the petition must be vacated. Such further proceedings may be had on the petition as are not inconsistent with this opinion.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.